Argued and submitted May 7, at Pendleton, Oregon, affirmed July 29, 1987

TUGMAN et al,
*Respondents,*

*v.*

LIEUALLEN,
*Defendant,*

*and*

LIEUALLEN LAND & LIVESTOCK
CORPORATION,
*Appellant.*

(CV 85-230; CA A40759)

740 P2d 200

Thomas W. Sondag, Portland, argued the cause for appellant. On the briefs were Herbert H. Anderson, Jeffrey M. Batchelor and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Harold A. Fabre, Pendleton, argued the cause and filed the brief for respondents.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiffs are attorneys who represented defendant Neil Lieuallen (Lieuallen) personally in two Washington actions. They brought this action against him and Lieuallen Land & Livestock (corporation), of which Lieuallen is president, for amounts claimed by them for their legal services. They served their complaint and process on both defendants by serving Lieuallen. Neither defendant appeared, and plaintiffs took a default judgment against both. Approximately a year later, the corporation, but not Lieuallen, moved for relief from the judgment against it. It appeals from the trial court's denial of relief.[1] It argues that, because plaintiffs' legal services were rendered only on Lieuallen's personal behalf, he did not perceive from the papers served on him that the corporation was involved and, therefore, the judgment against the corporation was taken through "mistake, inadvertance, surprise or excusable neglect." ORCP 71B(1).

The corporation maintains that it first learned that the judgment ran against it as well as Lieuallen individually when an unrelated foreclosure action was initiated against the corporation and plaintiffs' judgment lien on certain corporate property came to its attention. Because Lieuallen was the principal officer of the corporation, its knowledge was essentially the personal knowledge of Lieuallen.

It was clear on the face of the papers served on Lieuallen that both he and the corporation were defendants and that plaintiffs sought damages from both. Lieuallen explained in his affidavit supporting the corporation's motions why he nevertheless thought that the corporation was not involved. He stated that he did not realize that the corporation was a named defendant, that plaintiffs' legal services were rendered on his behalf, not the corporation's, and that:

> "I recognized the claim of the plaintiffs and was willing to allow the matter to go to a default judgment and assumed that the judgment would be against me personally."

---

[1] The appeal ostensibly challenges the denial of the corporation's motion to "vacate judgment and reinstate [its original] motion for relief from judgment," as well as challenging the order denying that original motion.

The trial judge's orders do not particularize his reasons for denying the motions. We review for an abuse of discretion. Plaintiff Tugman stated in his affidavit that Lieuallen's professed willingness to let plaintiff take a default judgment against him was belied by communications between the two in which Lieuallen said such things as "if [plaintiffs] proceeded to take judgment he would see to it that we never got a penny." Even viewing Lieuallen's affidavit as true in that particular, however, it would not have been an abuse of discretion for the trial court to disbelieve his broader proposition. It is unusual, to say the least, for a person who acknowledges a debt to react by letting his creditors take a default judgment rather than by paying them or attempting to make other arrangements which do not require his becoming a judgment debtor. The trial judge was not obliged to believe that Lieuallen's tactical decisions had anything to do with *which* defendant or defendants the judgment would run against, as distinct from when or whether *either* of them would pay.

The corporation's other arguments aimed at showing that the court erred by not finding that the judgment resulted from mistake, inadvertance, surprise or excusable neglect are equally uncompelling. That being so, its arguments that it acted promptly to set the judgment aside after discovering its existence and that it tendered a meritorious defense with its motion for relief cannot avail it, *at least* unless it is clear that the trial court denied relief exclusively on the basis of the timely response or meritorious defense issues. The corporation does suggest that the sole or principal reason for the trial court's ruling was that it did not consider the tendered defense to be meritorious. However, the court's orders do not indicate that that was its concern, and we would decline to look behind them, even if we could, given the great unlikelihood that the trial court would have found it necessary to reach that question.

Affirmed.